UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

C.M.T.                                                    CIVIL ACTION

VERSUS                                                   NO. 25-2144

SOCIAL SECURITY                                          SECTION "R" (3)
ADMINISTRATION

<u>**REPORT AND RECOMMENDATION**</u>

Claimant seeks judicial review of a final decision the Social Security Administration (the "SSA") denying her applications for disability insurance benefits under Title II of the Social Security Act.[1] The SSA, through Acting Commissioner Frank Bisignano (the "Commissioner"),[2] has filed an unopposed motion (R. Doc. 18) to reverse that final decision and remand Claimant's claims to the SSA for further administrative proceedings. For the following reasons, the undersigned recommends that the Motion be granted and that a judgment be entered reversing the challenged decision and remanding the above-captioned action, as requested, under the fourth sentence of 42 U.S.C. § 405(g).

## I.      Law and Analysis

Sentence four of § 405(g) authorizes federal district courts to enter, upon the pleadings and transcript of the record, "a judgment affirming, modifying, or reversing

---

[1] R. Doc. 1; *see also* R. Doc. 16.

[2] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

the decision of the [Commissioner of Social Security], with or without remanding the cause for a rehearing." *See also Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). A sentence-four remand order "terminates the litigation with victory for the plaintiff" and constitutes a final judgment on the remanded claims, divesting the district court of jurisdiction thereover once issued. *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993). The United States Court of Appeals for the Fifth Circuit has explained that sentence four "grants district courts 'wide discretion' to remand a case for further proceedings[,]" and regularly affirms sentence-four remand orders where "important and unresolved aspects of [the plaintiff]'s claim should first be addressed by the administrative law judge." *Davis v. Colvin*, 603 F. App'x 257, 258 (5th Cir. 2015) (quoting *Bordelon v. Barnhart,* 161 F. App'x. 348, 352–53 n.12 (5th Cir. 2005)). Accordingly, reversal of the Commissioner's denial of benefits and remand for further proceedings is appropriate under sentence four of § 405(g) when the administrative record is insufficient to support that denial and further fact-finding is necessary for statutorily adequate resolution of the plaintiff's claims. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990).

Here, the Commissioner requests remand and states that the SSA will offer Claimant the opportunity for a new hearing on her application.[3] Based on this effective concession that the record before the Court remains insufficient to support the SSA's final decision denying Claimant's applications for social security benefits, reversal of that decision and remand for further proceedings is appropriate.

---

[3] R. Doc. 18.

2

## II.   Recommendation

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant's Unopposed Motion to Reverse and Remand (R. Doc. 18) be **GRANTED**, and judgment be entered **REVERSING** the decision of the Commissioner and **REMANDING** the case for further administrative proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 2nd day of April, 2026.

_____

EVA J. DOSSIER

UNITED STATES MAGISTRATE JUDGE